State, *ex rel.*, *v.* Haynes.

STATE, *ex rel. v.* HAYNES.

(*Jackson.*    April 12, 1900.)

MUNICIPAL CORPORATIONS.  *Jurisdiction of Recorder of Paris.*

The Recorder has no jurisdiction, either under the general law, or under the charter of the city of Paris, the material provisions of which are set out in the opinion, to fine and commit a person for violating Acts 1895, Ch. 67, entitled, "An Act for the protection of hotel, inn, and boarding house keepers."

Acts construed: Acts 1895, Ch. 67; Acts 1897, Ch. 209.

Code construed: § 3594 (S.).

---

FROM   HENRY.

---

Appeal in error from Circuit Court of Henry County.  JNO. R. BOND, J.

W. L. CARTER and JAS. L. McALISTER for State.

GEO. L. FRYER for Haynes.

WILKES, J.  This is a proceeding to obtain a release from the county jail of Henry County upon a writ of *habeas corpus*. This writ was sued out before Hon. W. H. Swiggart, Judge, but he declined to grant the relief asked, and re-

manded the petitioner to the county jail under the terms of his original commitment.

The petitioner was committed to the jail by G. L. Fryer, Recorder of the city of Paris, upon submission and sentence of a fine, for the use of Henry County, for a violation of Chapter 67, Acts of 1895 (Shannon, § 3594), commonly known as "An Act for the protection of hotel, inn and boarding house keepers."

The application is based upon the contention that the Recorder of the city of Paris has no authority or jurisdiction to try or commit persons for the violation of this Act or any other mere State offense, but only for offenses against the corporation ordinances, and the order of commitment by the Recorder is therefore void.

The petitioner has appealed to this Court from the judgment of the trial Judge denying him relief, and repeats his contention in this Court.

The section of the charter of the city of Paris which is brought in question in this controversy is No. 10, Acts of 1897, page 433, and is in the following words:

"A city Court is hereby established, to be held by the Recorder of said city, who shall be *ex officio* Judge thereof, and all violations of the laws and ordinances of the city shall be tried by such officer; *Provided,* That in the absence of the Recorder or his incompetency, and in the case of a change of venue, which may be had under the

State, *ex rel.*, *v.* Haynes.

same rules, regulations, and restrictions as appertain to like matters before Justices of the Peace under State laws, any Justice of the Peace of Henry County may hold the city Court and try such cases. The Recorder is hereby invested with all the powers of a Justice of the Peace in all matters, and may try both civil and criminal cases. He shall have authority to assess a fine, not exceeding fifty dollars, which shall be in favor of the city, for contempt of his Court. An appeal shall be allowed from any fine imposed by said Court, except for contempt committed in the presence of the Court, to the next term of the Circuit Court of Henry County, at Paris. The party appealing shall give bond and security for the payment of said fine and costs to abide by and perform the judgment of the Court on appeal, but in no event shall an appeal be allowed on the pauper's oath."

It is said that the word or term "jurisdiction" is not used in the section, but only the word "powers" in defining the scope of the Recorder's authority, and it is insisted that the proper construction of the section is to give the Recorder the powers of a Justice of the Peace in regard to the ordinances of the city relating to civil and criminal cases or matters; and that the term civil cases means such civil actions as may be authorized on bonds to recover fines and forfeitures which have been held by the Court to be of a

State, *ex rel.*, *v.* Haynes.

civil as well as criminal nature, and are provided for in Sec. 14 of the charter.

We are of opinion that it is the proper construction of this legislative charter that the Recorder's Court is only designed for the trial of offenses against the corporate ordinances, and not for the trial of offenses against the State generally. Its jurisdiction is confined to offenses within the corporate limits and against the corporate laws, and in such cases it has jurisdiction. This does not mean that it may not take such steps as are necessary to preserve the public peace, and that it may not bind over persons charged with felonies whenever it is necessary for the public safety to do so. We do not see that the offense for which this defendant is committed is one against any ordinance of the city, nor any ground upon which the Recorder is authorized to act in such case. The result is that the judgment of the Court below is reversed, and the prisoner will be discharged, and the State will pay the costs.