Town of McMinnville v. Stroud.

TOWN OF MCMINNVILLE *v.* STROUD *et al.*

(*Nashville.*   December Term, 1902.)

1. **MUNICIPAL CORPORATIONS.  Can not maintain an action for violation of criminal statute.**

   A municipal corporation is without power to maintain a civil action based upon a violation of one of the criminal statutes of the State.  Crimes under these statutes must be punished by presentment or indictment, as provided by law.

   Case cited and approved:   State *v.* Haynes, 104 Tenn., 406.

2. **ARREST OF JUDGMENT.  For failure to show cause of action in warrant, notwithstanding default.**

   A warrant in a civil suit by a municipality for an alleged violation of a criminal statute, and neither showing the existence nor charging the violation of a municipal ordinance, fails to state a cause of action, and a default thereon does not furnish any foundation for a judgment; in such case a motion in arrest of judgment should be sustained.

---

FROM WARREN.

---

Appeal in error from the Circuit Court of Warren County.   M. D. SMALLMAN, Judge.

JOHN L. WILLIS, for Town of McMinnville.

WHITSON & MERCER, for Stroud *et al.*

MR. JUSTICE NEIL delivered the opinion of the Court.

This was argued at the bar as a suit by the town of McMinnville against the defendants, for the violation of a corporation ordinance; but upon opening and reading the record, we find that the warrant makes no mention of a corporation ordinance, but requires the defendants to answer the town of McMinnville for the violation of one of the criminal statutes of the State—the one commonly known under the designation of the "Four Mile Law." Of course no town or city can maintain such a suit. Crimes under the public statutes of the State must be punished by indictment or presentment, as provided by law, and not by a civil suit, instituted by any of the municipalities of the State. *State* v. *Haynes*, 104 Tenn., 406 (58 S. W., 120). We do not intend to say that the same act may not be an offense both against the State and one of its municipalities, but before the latter can sue it must have and show an ordinance covering the ground. No ordinance was referred to in the warrant in this case, and it does not in any wise appear therein, or otherwise in the record, that any such ordinance was or is in existence. Hence it follows that no violation of a town ordinance was charged in the warrant, and, from this, that no cause of action was alleged therein, and from this it necessarily follows that the default taken was without any legal result, and could not furnish any foundation for the judgment which was rendered against the defendants. It follows that the motion in arrest of judgment, made

in the court below, should have been sustained.   That motion is now sustained, and the suit dismissed, at the cost of the plaintiff, town of McMinnville.

This being decisive of the case, it is unnecessary to notice other questions made in the briefs and argued at the bar.