## CITY OF NASHVILLE *v*. BAKER.

### (*Nashville*, December Term, 1933.)

Opinion filed July 14, 1934.

MOORE, KEEFE, KITTRELL, DEWS & HUGHES, of Nashville, for appellant.

JOHN W. HILLDROP, of Nashville, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

In March, 1929, the judge of the city court of Nashville issued his warrant to the chief of police commanding him "to arrest W. J. Baker and bring him before me, to answer the City of Nashville on a charge for violating City Ordinance in receiving and having in possession intoxicating liquor and transporting same in the City of Nashville on the 23rd day of March, 1929. Ordinance No. 1106 having been committed within the Corporation of Nashville, contrary to the statute laws in such cases made and provided."

The defendant appeared, was fined $50, and appealed to the circuit court, where the trial judge granted his motion to dismiss the case, "because the warrant sued on is irregular, it not being sworn to according to law." The city appeals.

██ Is it essential that a prosecution for violation of a city ordinance be begun by warrant issued on oath of some person?

This rule, applicable where the prosecution is for violation of a state criminal statute, does not apply to a proceeding brought by a city for violation of its ordinances, and this is true even though the offense may be, as in the case at bar, prohibited by both city ordinance and state law.

██ Where the violation of the city ordinance is the

predicate of the action, the proceeding is civil, rather than criminal, sometimes described as *quasi* criminal. No machinery for indictment or presentment is provided, and neither is required. Our cases appear to have settled this question. *Meaher* v. *Mayor, etc., of City of Chattanooga,* 1 Head, 74; *Mayor, etc., of Town of Bristol* v. *Burrow,* 5 Lea, 129; *McMinnville* v. *Stroud,* 109 Tenn. 569, 72 S. W., 949. The case of *O'Haver* v. *Montgomery,* 120 Tenn., 448, 111 S. W., 449, 127 Am. St. Rep., 1014, relied on by counsel for Baker, is not in conflict. The fact incidentally recited by the writer of the opinion in that case that the warrant issued on affidavit was not an issue discussed or considered. It had no determinative weight. That case turned on altogether different and independent questions, such as the reasonableness of the ordinance, legislative authority for its provisions, etc. In a later case (*Kelly* v. *Conner,* 122 Tenn., 339, 123 S. W., 622, 25 L. R. A. [N. S.], 201), the court reaffirmed the rule that a prosecution for a violation of a municipal ordinance is a civil, rather than a criminal, case; the fine or penalty being a debt. There can be no doubt the action in this case was on the ordinance. The warrant so recites, and the number of the ordinance is set out. The judgment must be reversed, and the case remanded.