MAYOR OF THE CITY OF JACKSON

*v.*

LOWELL THOMAS et al.

(*Jackson,* April Term, 1957.)

Opinion filed May 3, 1957.

RUSSELL RICE, Jackson, for plaintiff.

JAMES H. BOSWELL, Jackson, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The appeal from the action of the Circuit Court in this case should have been to the Court of Appeals instead of to the Supreme Court.

The controversy is between the Mayor of the City of Jackson and four members of the Board of Commissioners of the Jackson Housing Authority. The Commissioners discharged James D. Gilbert who was the Executive Director of said Housing Authority. The Mayor brought charges against said four Commissioners, accusing them of neglect of duty and after a hearing he made a finding of guilt and discharged said Commissioners. Thereupon they filed a petition to Honorable Mark Walker, Circuit Judge, for a writ of *certiorari*. The Mayor of Jackson filed a demurrer and answer to said petition. After a hearing in the Circuit Court an order was entered overruling said demurrer and making a further finding as follows:

"And upon this cause coming on to be further and finally heard by the Court without the intervention of

a jury upon the whole record and argument of counsel, the Court finds that the charges brought by the Mayor of the City of Jackson and the City of Jackson against petitioners did not constitute neglect of duty and the Court orders the Mayor's judgment of removal quashed.''

It is, therefore, apparent that the case was not finally disposed of on demurrer but upon the whole record including the issues of fact made by the answer of the Commissioners to the charges of the Mayor and the answer of the Mayor and the City of Jackson to the petition for *certiorari*.

■■ Where the statute does not expressly cover a situation this Court has repeatedly held that the respective jurisdictions of this Court and the Court of Appeals depends upon the method of trial in the lower Court. *Goins v. Yowell,* 199 Tenn. 167, 285 S.W.2d 135.

The jurisdiction in this Court on appeal depends on the method adopted in the Trial Court, and unless that method precludes a determination in that Court of the facts, an appeal is properly to the Court of Appeals.

See also *Findlay v. Davis,* 198 Tenn. 107, 278 S.W.2d 87, in which the Circuit Judge made a finding of fact and a finding of law wherein we held that this Court did not have jurisdiction on appeal.

This appeal is, therefore, transferred to the Court of Appeals, under T.C.A. sec. 16-408.