ELMER FRANKLIN O'DELL

*v.*

CITY OF KNOXVILLE

379 S.W.2d 756

(*Knoxville,* September Term, 1963.)

Opinion filed June 4, 1964.

REUBEN H. NICHOLS, Knoxville, for plaintiff in error.

W. E. FITZGERALD, Knoxville, for defendant in error.

Mr. Justice Felts delivered the opinion of the Court.

Plaintiff in error, hereinafter called defendant, was arrested upon a warrant issued by the Judge of the Municipal Court of the City of Knoxville upon what is said to be a charge of violating a city ordinance by "operating an automobile upon the public streets of the City of Knoxville under the influence of an intoxicant," the part quoted appearing to be the imprint of a rubber stamp hardly legible. He was tried in that court, found guilty and fined $100.00.

He appealed to the Circuit Court and the judgment of that court recites that the cause was heard before the Circuit Judge, "sitting without the intervention of a jury, upon the defendant's appeal from the municipal court of the City of Knoxville, the proof, the pleadings and the issues joined"; that the court found defendant guilty and affirmed the judgment of the Municipal Court; and that he filed a motion in arrest of judgment, which was overruled.

Defendant appealed in error to this Court and has assigned errors insisting that the Circuit Court erred in overruling his motion in arrest of judgment:

(1) because the warrant on which he was arrested and fined was void in that it failed to state a cause of action, or to give him sufficient notice of what he was called on to answer;

(2) because the warrant was void for the further reason that it did not bear the genuine signature of the City Judge, but only a facsimile thereof; and

(3) because this fine of $100.00 imposed upon defendant by the City Judge, and affirmed by the Circuit Judge, without a jury, was in violation of our Constitution (Art. 6, sec. 14), providing no fine in excess of $50.00 shall be laid on any citizen except by a jury of his peers, and because the city ordinance providing for such fine of $100.00, no more or less, is in contravention of the general law and in violation of this provision of our Constitution.

The appeal was to this Court apparently upon the idea that this is a criminal case. It has long been settled, however, that a prosecution for an act violating a city ordinance is a civil, not a criminal, proceeding. This is true though such act be denounced by the ordinance as a "misdemeanor," and be also an offense against state law. Such a prosecution by a city, though often called quasi-criminal, is a civil action to recover a penalty for a violation of its law.

We cite some of the many cases which hold that a prosecution for violation of a city ordinance is a civil, and not a criminal, action. *O'Haver v. Montgomery,* 120 Tenn. 448, 111 S.W. 449, 451; *Deming v. Nichols,* 135 Tenn. 295,

302, 186 S.W. 113, L.R.A. 1916F, 103; *City of Nashville v. Baker,* 167 Tenn. 661, 663, 73 S.W.2d 169; *Guidi v. City of Memphis,* 196 Tenn. 13, 20-21, 263 S.W.2d 532; *Robinson v. City of Memphis,* 197 Tenn. 598, 600, 277 S.W.2d 341; *Mullins v. State,* 214 Tenn. 366, 380 S.W.2d 201, opinion by Chief Justice Burnett, June 4, 1964.

Such a proceeding, being a civil action, is governed by the rules in civil cases. The city commences the action in its municipal court, but if defendant is dissatisfied with the judgment of that court, ''he may appeal, as in civil cases, upon complying with the law or statute applicable, and may have a retrial in the circuit court, where the matter will be heard *de novo, the rules of practice* applicable to civil cases applying in such trial'' (italics ours) (*O'Haver v. Montgomery,* supra, 120 Tenn. 460, 111 S.W. 451). *Deming v. Nichols,* supra, 135 Tenn. 302, 186 S.W. 113, L.R.A. 1916F, 103. In *Robinson v. City of Memphis,* supra, the Court, opinion by Mr. Justice Tomlinson, said:

> ''Although penal ordinances of a municipality are quasi criminal in nature in that they impose fines and imprisonment to work out such unpaid fines, proceedings under warrants charging a violation of such ordinance are governed ' ''by the rules of pleading applicable to civil actions'' '. *Deming v. Nichols,* 135 Tenn. 295, 299, 186 S.W. 113, 114, L.R.A.1916F, 103, such as those originating in the justice of the peace court'' (197 Tenn. 600, 277 S.W.2d 342).

Since this case is procedurally a ''civil'' case, it is governed by the rules in civil cases, including the rule allocating jurisdiction of appeals between the Court of Appeals and this Court. That rule, the statute (T.C.A.

sec. 16-408), gives to the Court of Appeals exclusive jurisdiction of appeal in

> "*all civil cases* except those involving the constitutionality of a statute or city ordinance *which is the sole determinative question in the litigation,* the right to hold a public office, workmen's compensation, state revenue, mandamus, in the nature of quo warranto, ouster, habeas corpus in cases where the relator is being held under a criminal accusation or a rendition warrant issued by the governor of the state, and excepting cases which have been finally determined in the lower court on *demurrer or other method not involving a review or determination of the facts,* or in which all the facts have been stipulated. * * *" (italics ours) (T.C.A. sec. 16-408).

So we are faced with the question of jurisdiction of this appeal. It is true the question has not been made by the parties, but it is our duty to raise it and, if we do not have jurisdiction, to transfer the case to the Court of Appeals. "Any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof, direct" (T.C.A. sec. 16-408).

This being a civil case, jurisdiction of the appeal is in the Court of Appeals unless the case falls within one of the above enumerated exceptions. It is clear that it does not fall within the first exception above italicized. True, it does involve the constitutionality of the city ordinance, but that is *not* "the sole determinative question in the litigation." Conceivably, the case might be determined upon one of the other issues made.

Nor does the case come within any of the other of the above quoted exceptions. It was not determined in the

circuit court upon demurrer or other method not involving a review or determination of the facts. The judgment of that court shows that the case was heard upon "defendant's appeal from the municipal court of the City of Knoxville, the proof, the pleadings and the issues joined."

That an appeal may involve only a question of law is not determinative of jurisdiction. In a case not within any of the enumerated classes (state revenue, etc.), jurisdiction depends on the "method adopted in the trial court" —whether it precluded a review or determination of the facts; if it did, jurisdiction is in this Court. If it did not, jurisdiction is not in this Court but in the Court of Appeals. *Cox v. Smith,* 154 Tenn. 369, 371, 289 S.W. 524; *Gormany v. Ryan,* 154 Tenn. 432, 289 S.W. 497; *Bales v. McPhetridge,* 209 Tenn. 334, 340, 354 S.W.2d 60, and cases there cited; *Davenport v. Blankenship,* 203 Tenn. 679, 681, 315 S.W.2d 257; *Mayor of City of Jackson v. Thomas,* 202 Tenn. 26, 28, 302 S.W.2d 56.

Where, as in the case before us, the record shows that the case was heard upon the issues of fact made by the pleadings and proof, jurisdiction is in the Court of Appeals, not this Court. *Bales v. McPhetridge,* supra.

It is true that this Court entertained and determined appeals in error involving violation of city ordinances in cases of *City of Nashville v. Baker* (1933), 167 Tenn. 661, 73 S.W.2d 169; *Guidi v. City of Memphis,* 196 Tenn. 13, 263 S.W.2d 532; *Robinson v. City of Memphis,* 197 Tenn. 598, 277 S.W.2d 341. But it will be seen on examination of each of these cases that while the court did not discuss the question of jurisdiction, jurisdiction was in this Court, because each case had been determined in the lower court

in a manner not involving a review or determination of the facts.

In the Baker case the appeal was from the dismissal of the warrant. In the Guidi case, after the entry of a judgment by default, defendant's motion in arrest of judgment was overruled and defendant appealed from that action to this Court. The same is also true of the Robinson case.

In *City of Paris v. Paris-Henry County Public Utility Dist.,* 207 Tenn. 388, 340 S.W.2d 885, the trial court heard the case on issues of fact and the proof, and dismissed it upon the ground that the ordinance was unconstitutional. In this Court we pointed out that since the question of the constitutionality of the city ordinance was "the sole determinative question in the litigation," jurisdiction was in this Court rather than in the Court of Appeals.

For these reasons, an order will be entered in this Court transferring this case to the Court of Appeals.