**Everett DOUGLAS, Petitioner-Appellant,**

v.

**Roy M. NIXON, Sheriff of Shelby County, Tennessee and the State of Tennessee, Respondent-Appellee.**

**No. 71–1650.**

United States Court of Appeals, Sixth Circuit.

April 27, 1972.

---

Thomas A. Buford, Memphis, Tenn., for appellant.

Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, Tenn., for appellee.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

Appellant appeals from denial of his application for writ of habeas corpus by the United States District Court for the Western District of Tennessee. It is his contention that his plea of guilty to the state offense of driving while intoxicated is invalid because of violation of the Fifth Amendment to the Constitution prohibiting double jeopardy.

Prior to his guilty plea in the state criminal court, appellant had been charged, convicted and fined $60.00 in the municipal court of Memphis for 1) being drunk, 2) running a red light, and 3) having no automobile inspection tag.[1]

While we have some doubt that a conviction for being drunk ordinarily allows a double jeopardy defense to a prosecution for drunk driving arising out of the same set of facts, we recognize that Tennessee law so holds. Dowdy v. State, 158 Tenn. 364, 13 S.W.2d 794 (1929).

It, however, was also settled law in Tennessee at the time concerned here that a conviction in a municipal court did not constitute being placed in jeopardy in a constitutional sense so as to prohibit a state criminal court trial for the same offense. State v. Mason, 71 Tenn. 649 (1879). Tennessee law held that the former court was civil in nature and hence a different sovereignty.

---

1. The Municipal Court record shows that at the same time he was charged with two counts of drunk driving, one of them under a municipal ordinance and one of them under the state law. Dispositions were marked on each of these charges "dis-missed" as to the ordinance charge and "held to state" in relation to the state charge. This record does not show that jeopardy attached as to the ordinance charge, nor do we have any judicial finding on this score.

O'Dell v. City of Knoxville, 214 Tenn. 237, 379 S.W.2d 756 (1964); Nashville v. Baker, 167 Tenn. 661, 73 S.W.2d 169 (1934).

These two aspects of Tennessee law may serve to explain the fact that appellant pled guilty to the state court indictment for drunk driving and was sentenced to 60 days in jail. He thereupon filed a "technical motion for new trial." The briefs inform us that this was a practice indulged by persons pleading guilty to gain time before incarceration to get their affairs in order.

Six days after appellant's plea of guilty, however, the United States Supreme Court decided Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), rejecting the dual sovereignty theory when it was sought to be applied to two different courts of one state.

Appellant then sought to appeal in the Tennessee Courts, which dismissed his appeal, reiterating that under Tennessee law the municipal court and the state courts concerned were separate sovereignties, and distinguishing *Waller, supra*, on the ground that anyhow the municipal court had no power to imprison appellant.

Relying upon the Supreme Court decision in *Waller, supra*, appellant then filed the instant petition for a writ of habeas corpus. The District Judge held that *Waller, supra*, did apply, but denied the writ because appellant had failed to plead double jeopardy as a defense and had entered a voluntary plea of guilty to the state charge. He held that Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), precluded appellant from raising the double jeopardy defense by a petition for habeas corpus after a voluntary plea of guilty.

■ It appears to be a rule of long standing that the facts constituting double jeopardy must be shown by pleading it as a defense. United States v. Wilson, 32 U.S. 150, 159, 8 L.Ed. 640 (1833); Barker v. Ohio, 328 F.2d 582 (6th Cir. 1964).

Further discussion of this issue and whether time and intervening decisions of the Supreme Court have eroded the ground for denial of the writ advanced by the District Judge is rendered unnecessary, however, by a recent decision of this court (handed down after the District Court judgment in this case) holding that Waller v. Florida, should not be applied retroactively. Robinson v. Neil, 452 F.2d 370 (6th Cir. 1971) cert. granted May 15, 1972, 406 U.S. 916, 92 S.Ct. 1800, 32 L.Ed.2d 115.

■ Preliminarily we believe that the District Judge was correct in holding that Waller v. Florida, *supra*, does apply generally to the fact situation related above. The fact that the municipal court could (and did) only assess a fine does not in our view prevent jeopardy from attaching in the federal constitutional sense, particularly when failure to pay the fine is punishable by jail. People v. Allison, 46 Ill.2d 147, 263 N.E.2d 80 (1970). *See also* Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).

■ However, under Tennessee law, which does not allow appeals from voluntary pleas of guilty, appellant's case clearly was not pending on direct appeal when Waller v. Florida, *supra*, was decided. Ray v. State, 451 S.W.2d 854 (Tenn.1970); McInturff v. State, 207 Tenn. 102, 338 S.W.2d 561 (1960).

Robinson v. Neil, *supra*, therefore applies to bar retroactive application of *Waller, supra*, in this case.

The judgment of the District Court is affirmed.

McCREE, Circuit Judge (concurring in the result).

In light of the decision of this court in Robinson v. Neil, 452 F.2d 370 (6th Cir. 1971) cert. granted, 406 U.S. 916, 92 S.Ct. 1800, 32 L.Ed.2d 115 (1972). I feel constrained to concur in the decision to affirm the judgment of the District Court.

I agree with the majority opinion that Tennessee law permitted a prosecution

for violation of a state law after a conviction for violation of a municipal ordinance proscribing the same conduct. As the majority observes, the basis for this practice is the distinction drawn by Tennessee courts between the "civil" nature of municipal prosecution and the "criminal" nature of state proceedings. *See, e. g.,* O'Dell v. City of Knoxville, 214 Tenn. 237, 379 S.W.2d 756 (1964). I also agree that courts are not bound to accept this civil-criminal dichotomy for purposes of applying the Fifth Amendment double jeopardy clause.

However, it is not clear that under Tennessee law, a municipality is a separate sovereign from the state. Indeed, the rule appears to be that a municipality is merely an arm of the state to which has been delegated certain of the state's sovereign powers. *See, e. g.,* Bricker v. Sims, 195 Tenn. 361, 259 S. W.2d 661 (1953); Nashville, C. & St. L. Ry. v. Marshall, 161 Tenn. 236, 30 S.W. 2d 268 (1930). If, under Tennessee law, a municipality and the state are the same sovereign, then the rule of Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084 (1907), made applicable to the states by Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), that arms of the same sovereign cannot prosecute for the commission of the same offense, would enable appellant to raise a double jeopardy defense to the state prosecution that he challenges in this appeal.

This court's decision in *Robinson,* however, which also involved Tennessee law, appears to have foreclosed this argument. If the question with which the *Robinson* opinion was concerned were still open in this circuit, I would hold that, for the reasons stated above, it is not necessary under Tennessee law to reach the question of the retroactivity of the decision in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). If, in any event, I am incorrect in my assessment of Tennessee law on the sovereignty issue, I would hold, as did the District Court in *Robinson,* 320 F.Supp. 894 (E.D.Tenn.1971), that *Wall-*

*er* should receive retrospective application.

Accordingly, were it not for the decision of this court in *Robinson,* I would hold that appellant properly could assert a federal double jeopardy defense as a bar to his state prosecution, and I would reach the question whether appellant's plea of guilty to that offense waived his right to raise his double jeopardy claim in these post-conviction proceedings.