Otha Smith Mullins, Jr.

*v.*

State of Tennessee.

380 S.W.2d 201.

(*Knoxville,* September Term, 1963.)

(May Session, 1964)

Opinion filed June 4, 1964.

Jack Vaughan, Johnson City, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The plaintiff in error was convicted for driving while under the influence of an intoxicant. The jury assessed a fine of $250.00 against him, and the trial judge added a workhouse sentence of eleven months and twenty-nine days, but suspended all except the first fifteen days.

Before the arraignment of the plaintiff in error his counsel demurred to the indictment upon the grounds that the plaintiff in error after being arrested and brought before the Police Court of Johnson City, Tennessee, entered a plea of guilty, was fined $50.00, ordered to pay the cost in the cause, and deprived of his driving license for five months and twenty-nine days. The judgment on the warrant also shows that the City Judge bound the plaintiff in error over to the Grand Jury.

The counsel for plaintiff in error insists (1) that the City Judge had no jurisdiction in this case, either to impose punishment or to bind the man over to the Grand Jury; and (2) since the plaintiff in error was tried before the City Judge, a trial in the State Court constituted

double jeopardy. There is no contention that the weight of the evidence is against the verdict of the jury. The fact is this is needless because it was admitted that the evidence clearly shows without peradventure of a doubt that the plaintiff in error was guilty.

The factual situation above alleged in the demurrer relative to the proceedings in the City Court, except for showing on the warrant that the plaintiff in error was bound over to the Grand Jury, is not before the Court and certainly not alleged in the indictment, rendering the indictment subject to attack by demurrer; but even if these matters had been properly proven, they would constitute no defense in this case. Over the years this Court has held that the violation of a City Ordinance is proceeded with as a civil matter rather than a criminal. The action is sometimes described as quasi-criminal, or as indicated in the opinion of *O'Haver v. Montgomery,* 120 Tenn. 448, 111 S.W. 449, 127 Am.St.Rep. 1014, is neither fish nor fowl. See also *City of Nashville v. Baker,* 167 Tenn. 661, 73 S.W.2d 169.

There are certain acts which constitute offenses against more than one sovereign and trial in the courts of one sovereign, of course, is not a bar to trial in the courts of another sovereign. *Sizemore v. State,* 40 Tenn. 26; *Coleman v. Tennessee,* 97 U.S. 509, 24 L.Ed.1118; *Greenwood v. State,* 65 Tenn. 567. An excellent note on this question will be found in 174 A.L.R., beginning at page 1343, where cases from many jurisdictions are annotated. In reading this annotation we find the following on page 1347, quoting from an opinion of the Supreme Court of Florida. That court said:

"Some courts have sustained this view, but the overwhelming weight of authorities, with which our views

accord, support the contrary rule, that there is no impropriety, from a constitutional standpoint, in clothing our municipal governments with legislative power to prohibit and punish by ordinance any act made penal by the state laws, when perpetrated within the municipal limits; and that it is no objection to such an ordinance that it prescribes the same penalties as the state law for the commission or omission of the same act; and that the offender may be tried and punished for the same act under both the ordinance and the state law; and that a conviction or acquittal under the one is no bar to prosecution under the other; and that it is no objection to the municipal ordinance that the trial thereunder is without a jury.''

Our authorities are to the same effect.

██ The City Charter of Johnson City by Chapter 189 of the Private Acts of 1939, provides in Section 1 of Article 22 thereof for a City Court with exclusive jurisdiction to try offenses for violation of the City Ordinances and By-laws. The offense herein was committed within the City and this man apparently was tried for violation of a City Ordinance of drunk driving within the City and was thus fined as above indicated in the City Court. This in no way prevented the State court from likewise trying the man for the same offense when it violated the State law. The man was bound over to the Grand Jury by the City Magistrate wherein an indictment was found against him, and it was on this indictment that the conviction herein was appealed from. This binding over does not have to be by warrant or anything else as when the facts were properly presented to the Grand Jury an indictment might be found under these facts regardless of how the man was bound to the Grand

Jury. Numerous cases are in the books and otherwise where defendants are prosecuted under indictments without being arrested prior to the return of the indictments; defendants are indicted after being released at a preliminary hearing; and in other cases defendants are prosecuted under indictments although the initial arrest was invalid. This question was succinctly answered by this Court in *Harris v. State,* 206 Tenn. 276, 332 S.W.2d 675.

Factually this case shows that a police officer arrested the plaintiff in error while he was driving a 1961 Falcon automobile on the streets of Johnson City and at the time he was weaving from one side of the road to another, apparently at a high rate of speed around a curve ("the arresting officer heard a car squealing tires around the curve, around the intersection"). The officer also noticed the smell of alcohol on the defendant's breath, noticed he talked with a "mushy sound", noticed his walk was affected, and noticed his "eyeballs were kindly red".

Under such circumstances, clearly the plaintiff in error herein was guilty and there has been no error as far as this record shows wherein the case could be, or should be, reversed. It is for these reasons that the judgment below is affirmed.