**Daniel Wayne GILL, Sr., Individually, and for the use and benefit of Daniel Wayne Gill, Jr., deceased**

v.

**CITY OF CHURCH HILL and Rodney E. Miller, Jr., and Roddy E. Miller, Jr., (one and the same person).**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Aug. 12, 2004 Session.

Aug. 30, 2004.

Permission to Appeal Denied by Supreme Court Feb. 28, 2005.

Timothy R. Wilkerson, Kingsport, Tennessee, for Appellant.

K. Erickson Herrin, Johnson City, Tennessee, for Appellees, City of Church Hill and Rodney E. Miller, Jr.

Paul G. Summers, Attorney General and Reporter, and P. Robin Dixon, Jr., Assistant, Attorney General, Nashville, Tennessee.

## OPINION

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON LEE, J., joined.

Defendant engaged in so-called high speed chase of plaintiff's intestate, which resulted in death of decedent. The Trial Court dismissed on Motion on the basis of Tenn.Code Ann. § 55–8–108(e). On appeal, we affirm.

In this action, the Trial Court responding to a Motion to Dismiss filed by defendants, dismissed the action and plaintiff has appealed.

 The Complaint alleged that the plaintiff brought an action against the defendants for the wrongful death of his son who died on December 16, 2001. As pertinent to this appeal, the Complaint alleges:

On December 16, 2001, at approximately 2:30 a.m. the plaintiff's intestate was operating a 1987 GMC automobile in an easterly direction on West Stone Drive in Hawkins County, Tennessee, approaching the city limits of Kingsport, Sullivan County, Tennessee and at said time and place the defendant, Rodney E. Miller Jr., was operating a police cruiser owned by the City of Church Hill and without probable cause, commenced to pursue plaintiff's intestate and as a result of this pursuit, the plaintiff's intestate accelerated his vehicle to evade the pursuer.

The defendant, Rodney E. Miller Jr., negligently, recklessly and with willful, wanton disregard for the rights and safety of the plaintiff's intestate, Daniel Wayne Gill Jr., operated the defendant's, City of Church Hill, police cruiser in an excessive speed in pursuit of the plaintiff's intestate in Hawkins County, Tennessee, and outside the city limits of Church Hill, Tennessee, causing the plaintiff's intestate to loose [sic] control of his vehicle. The plaintiff, upon information and belief, further avers that the defendant, Rodney E. Miller, Jr., had independent knowledge that the vehicle he was pursuing was being driven by a juvenile, that said juvenile had been described and identified as an extremely young male of tender years and the plaintiff avers the defendant, Rodney Miller, Jr., knew or should have know, based on his experience and training as a police officer, that his actions in pursuing this vehicle would more likely than not cause the young, inexperienced driver to lose control of the vehicle which he was operating.

Defendants in their Motion to Dismiss, rely upon Tenn.Code Ann. § 55–8–108(e) as the basis for dismissal. This Section of the statute reads:

(e) Notwithstanding the requirement of this section that drivers of authorized emergency vehicles exercise due regard for the safety of all persons, no municipality or county nor the state or any of its political subdivisions, nor their officers or employees, shall be liable for any injury proximately or indirectly caused to an actual or suspected violator of a law or ordinance who is fleeing pursuit by law enforcement personnel. The fact that law enforcement personnel pursue an actual or suspected violator of a law

or ordinance who flees from such pursuit shall not render the law enforcement personnel, or the employers of such personnel, liable for injuries to a third party proximately caused by the fleeing party unless the conduct of the law enforcement personnel was negligent and such negligence was a proximate cause of the injuries to the third party.

A Motion to Dismiss pursuant to Tenn. R. Civ. P. 12.02(06) tests the legal sufficiency of the Complaint. *Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn.Ct.App.1992). When reviewing the Complaint in context of this motion, we must take all of the well pleaded material factual allegations as true, not conclusionary allegations, and construe the Complaint liberally in the plaintiff's favor. *Dobbs.*

The plaintiff insists that the Trial Court erred in dismissing the action, because it cannot be established from the Complaint that deceased was an "actual or suspected violator of the law" for purposes of the statute, because the Complaint demonstrates that defendant Miller was aware he was pursuing a juvenile, and "knew" because of decedent's age, he did not have the capacity to commit a crime. Plaintiff cites *Juvenile Court of Shelby County v. State*, 139 Tenn. 549, 556, 201 S.W. 771 (1918) to the effect that a child between the ages of seven and fourteen years of age is presumed prima facie of being incapable of committing a crime, and the burden is upon the State to show that the person was of such maturity of mind and of such discretion so as to be able to distinguish right from wrong.

■ The material facts in the Complaint allege that Miller commenced pursuit of plaintiff's intestate, and as a result of the pursuit, the plaintiff's intestate "ac-

celerated his vehicle to evade the pursuer". Further, that Miller had "independent knowledge" that the pursued vehicle was being driven by a "juvenile" and that the juvenile's vehicle had been identified and he was described as "an extremely young male of tender years". The Complaint does not allege the age of the decedent, other than that the decedent was a juvenile, and "an extremely young male of tender years". However, we do not believe the issue of whether or not decedent "had the capacity to have committed a crime" is the determinative issue on this appeal.[1] The scope of Tenn.Code Ann. § 55–8–108(e) is very broad and applies to both criminal and civil violations, e.g., the violation of an ordinance is generally characterized as a civil violation. *See Mullins v. State*, 380 S.W.2d 201, 214 Tenn. 366, (Tenn.1964); *City of Nashville v. Baker*, 73 S.W.2d 169, 167 Tenn. 661 (Tenn.1934). Moreover, a minor engaged in the operation of a motor vehicle upon public ways of this State, is held to the same standard of care as an adult. *See Powell v. Hartford Accident & Indemnity Co.*, 217 Tenn. 503, 398 S.W.2d 727 (1966).

The Complaint alleged that the officer had been given a description of the vehicle and the driver which he pursued past 2:30 a.m. in the morning. In the context of the allegations, decedent was a "suspected violator of a law or ordinance". We hold that the material facts of the Complaint fall within the ambit of the statute and defendants are not liable for injuries proximately or indirectly caused to the decedent who fled from such pursuit.

■ Finally, plaintiff argues in effect that Tenn.Code Ann. § 55–8–108(e) is unconstitutional under the federal and state constitutions. The State's Attorney General has filed a brief defending the consti-

---

1. As a matter of fact, a minor can violate a law or ordinance. How the law subsequently deals with the violation depends on the facts and circumstances and is another matter.

tutionality of the statute, apparently in response to being served with a copy of plaintiff's appellate brief. A review of the record reveals that this issue is not properly before the Court. The Trial Court did not rule on this issue, and the requirements of Tenn. R. Civ. P. 24.04 were not complied with in the Trial Court.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand with the cost of the appeal assessed to Daniel Wayne Gill, Sr.