WILLIE MAE ROBINSON *v.* CITY OF MEMPHIS.

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

MARY GUIDI, of Memphis, for plaintiff in error.

FRANK B. GIANOTTI, JR., and WILLIAM C. BATEMAN, both of Memphis, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The City Court of Memphis adjudged Robinson guilty of violating Section 152 of its Code, and directed that he pay a fine of $50, or go to jail. When the case was called for trial in the Circuit Court to which Robinson had appealed he did not appear. Accordingly, the judgment of the City Court was affirmed. Robinson then moved to arrest this judgment on the ground that it was void in law in that the warrant upon which the judgment was based did not afford him reasonable notice of the offense with which it purported to charge him. The case is here on Robinson's appeal in error from the action of the Circuit Court in overruling that motion.

■ ■ If the warrant is void "then everything done under it is likewise void; for the warrant is the foundation of the suit and the judgment, and, if there be no valid warrant, there can be no valid suit or judgment." *Nashville, C. & St. L. Railroad Co.* v. *Davis,* 127 Tenn. 167, 171, 154 S. W. 530, 531. It was proper procedure, therefore, to raise the question by motion to arrest the judgment based on that warrant. Probably, however, much energy and effort would have been saved had the question been called to the Court's attention before the case proceeded to judgment.

■ Although penal ordinances of a municipality are quasi criminal in nature in that they impose fines and imprisonment to work out such unpaid fines, proceedings under warrants charging a violation of such ordinance are governed " 'by the rules of pleading applicable to civil actions' ". *Deming* v. *Nichols,* 135 Tenn. 295, 299, 186 S. W. 113, 114, L. R. A. 1916F, 103, such as those originating in the justice of the peace court.

■ The warrant of a justice of the peace "must contain a brief statement of the cause of action sufficient to give the defendant reasonable notice of what he is called

upon to answer, and that, where the warrant fails to contain such statement, it is void, and upon the trial, on appeal to the circuit court of the state, in absence of an amendment made at the proper time, a motion made in arrest of judgment should be sustained and the suit dismissed." *Memphis St. Ry.* v. *Flood,* 122 Tenn. 56, 78, 113 S. W. 384, 389.

Since this rule applies to the warrant of a city court this case is reduced to a consideration of the city warrant in question for the purpose of determining whether it gave Robinson reasonable notice of the offense it calls upon him to answer.

■ This city warrant charges that Robinson did commit "the offense of Vio. Sec. 152 violating liquor law—within the City of Memphis, Shelby County, in violation of the ordinances of said City." The judgment which followed was simply that Robinson pay a fine of $50 or go to jail "until the same is worked out, paid or secured according to law".

The above referred to Section 152 of the municipal code of Memphis reads as follows:

"*Section 152.* Manufacture, sale, etc., legalized; compliance with state law and chapter. It shall be lawful to engage in the business of manufacturing, selling, storing, transporting and distributing alcoholic beverages within the corporate limits of the city. The manufacture, sale, receipt, possession, storage, transportation, distribution, or in any manner dealing in alcoholic beverages within the corporate limits of the city, shall be regulated in accordance with the provisions of Chapter 49 of the Public Acts of Tennessee for 1939, the rules and regulations adopted by the commissioner of finance and

taxation of the state, and in accordance with the provisions of this chapter. (Ord. No. 226.)"

So it is that the city warrant in question charges Robinson with violating the provisions of Chapter 49 of the Public Acts of Tennessee for 1939, and of violating the rules and regulations adopted by the State Commissioner of Finance and Taxation in accordance with the provisions of that public statute.

Chapter 49 of our Public Acts for 1939 appears in the Code Supplement commencing at Section 6648.4 and ending with Section 6648.23. Many subsections appear within these sections. The act is carried in a chapter entitled "Traffic In Alcoholic Beverages". That chapter makes the doing of any one of many different acts with reference to alcoholic beverages a criminal offense, some of them being misdemeanors, some, felonies.

Since the city warrant does no more than charge Robinson with the violation of Chapter 49 of the Public Acts of 1939, it necessarily follows that this warrant is totally insufficient to give Robinson any notice of the offense he will be called upon to answer. He could hardly be guilty at one time of all the many offenses created by Chapter 49. Nevertheless, if subsequently arrested for the same offense, whatever it might be, he necessarily could not interpose a plea of former conviction or acquittal because the warrant upon which the judgment is based, and the judgment as well, does not specify which of the many offenses he was found guilty of violating. The warrant and judgment entered thereon were, therefore, void.

The probability is that the trial judge thought that the objection to the warrant came too late, since it was not made until after the entry of judgment. In taking that view of the matter, if he did, the trial judge inadvertently failed, as we sometimes do, to draw the distinction be-

tween that which is void, on the one hand, and, on the other hand, that which is voidable only. The failure to call the matter to his attention until after judgment, no doubt, produced the error.

The attorneys for the City of Memphis express the thought that the action of the Circuit Court might be sustained under the authority of *Guidi* v. *City of Memphis,* 196 Tenn. 13, 263 S. W. (2d) 532. They are mistaken, we think, in that the city warrant in that case charged Guidi with the specific offense of "Vio. Sec. 1683 Exceeding the Speed Limit within the City of Memphis". Thus, it did give Guidi reasonable notice of the offense charged. Any imperfections, therefore, if any, in the warrant were merely voidable, and cured by the judgment. Hence, it was too late to first raise the question by motion in arrest.

The judgment of the Circuit Court will be reversed, Robinson's motion in arrest of judgment will be sustained and the suit dismissed with costs assessed against the City of Memphis.