ULYSESS BERRY

*v.*

CITY OF MEMPHIS.

354 S. W. 2d 71.

(*Nashville,* December Term, 1961.)

Opinion filed October 20, 1961.

MARY GUIDI, Memphis, for plaintiff in error.

FRANK B. GIANOTTI, JR., City Attorney, W. OTIS FRANCE, ARTHUR J. SHEA, Assistant City Attorneys, Memphis, for defendant in error.

Mr. Special Justice Howard delivered the opinion of the Court.*

Plaintiff-in-error was arrested and fined $50.00 in the City Court of Memphis on an amended warrant charging him with "Vio. Sec. 759 Indecent Conduct". On appeal to the Circuit Court the judgment was affirmed. After judgment, motion in arrest was made on the ground that the charge in the warrant neither charged an offense against the ordinances of the City nor gave defendant notice of any material facts, conditions or circumstances he was called upon to answer. The Circuit Judge overruled the motion and defendant has appealed, assigning error.

Section 759 of the ordinance makes indecent conduct an offense and enumerates five specific acts as indecent conduct. The ordinance reads as follows:

"759. INDECENT CONDUCT—Appearing in public in nudity, improper dress, etc.—It shall be unlawful for any person to appear in a public place in a state of nudity or to bathe in such state in the daytime in a river or bayou, or to appear in public in the dress of the other sex, or in an indecent or lewd dress,

* Retired.

or to do any obscene or indecent act in any public place.''

Defendant insists that the warrant must specify which of the five acts prohibited by the Ordinance will be proved as the violation charged, and relies upon *Robinson v. City of Memphis,* 197 Tenn. 598, 277 S.W.2d 341, as authority.

In the Robinson case the city warrant charged the defendant with the ''offense of Vio. Sec. 152 violating liquor law * * * of the ordinances of said City.'' In that case it was held that the charge incorporated by reference all the provisions of Section 152 of the City Code which made unlawful ''manufacturing, selling, storing, transporting and distributing alcoholic beverages within the corporate limits of the city,'' except as ''regulated in accordance with the provisions of Chapter 49 of the Public Acts of Tennessee for 1939, the rules and regulations adopted by the commissioner of finance and taxation of the state, and in accordance with the provisions of this chapter (Ord. No. 226)''; and that the ordinance incorporated also all the provisions of Chapter 49 of said Acts commencing at T.C.A. 57-107 and ending with 57-147.

In ruling the warrant void it was pointed out that it charged many different crimes, some of which were misdemeanors and some felonies. It did not give notice as to which of these crimes proof would be offered, and, as stated, the defendant ''could hardly be guilty at any one time of all the many offenses created by Chapter 49.''

In *Guidi v. City of Memphis* 196 Tenn. 13, 263 S.W.2d 532, the warrant charged violating of ''Sec. 1684, Exceed-

ing the speed limit.'' Holding that warrant valid the Court said:

"We think the language of the warrant is sufficient notice to the defendant that he was arrested for exceeding the speed limit as fixed by the laws and ordinances of the City of Memphis.''

In the instant case Section 759 specifically enumerates the five acts constituting the offense of Indecent Conduct. It makes no reference to other provisions or to State laws, rules, etc., as in Section 152. For this reason the Robinson decision is not controlling. The warrant on its face charges that defendant "Vio. Sec. 759, Indecent Conduct.'' This was sufficient to put him on notice that he must expect proof of having committed one or more of the five acts constituting the offense. We, therefore, hold that the warrant was sufficient and valid.

■ Moreover, the warrant not having been questioned by the defendant until after judgment was pronounced, his objection that the warrant was insufficient came too late.

In *Guidi v. City of Memphis,* supra, the Court said:

"A warrant will not be held insufficient because not setting out an ordinance claimed to have been violated where no objection was made to it in any particular in the trial court until after judgment is rendered on the merits.''

Accordingly, the assignment of error is overruled, the judgment of the Circuit Court is affirmed, and the case is remanded for enforcement of the judgment.

All concur.