# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
### MARCH 10, 2010 Session

## CITY OF MURFREESBORO v. THOMAS LEON NORTON

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 59006      J. Mark Rogers, Judge**

---

**No. M2009-02105-COA-R3-CV - Filed May 6, 2010**

---

This case involves an appeal from a judgment entered by a city court following a traffic citation. The circuit court found that the defendant had not violated the city ordinance alleged to have been violated, but the court *sua sponte* determined that the defendant had violated a different city ordinance. The defendant appeals. We reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Joe M. Brandon, Jr., Smyrna, Tennessee, for the appellant, Thomas Leon Norton

William E. Squires, Murfreesboro, Tennessee, for the appellee, City of Murfreesboro

## OPINION

## I. FACTS & PROCEDURAL HISTORY

Thomas Norton was issued a traffic citation after he was involved in an automobile accident in Murfreesboro, Tennessee. The citation stated that on Monday, March 2, 2009, at 10:40, Mr. Norton was involved in an accident, while driving a 2008 Dodge Ram on North Church Street, and that he "did unlawfully commit the following offense in violation of city code: failure to yield."[1] The citation ordered Mr. Norton to appear in court and further stated, above Mr. Norton's signature, "I also waive formal issuance and service of a warrant upon me, and agree to stand trial upon this citation and that same be treated in all respects as a warrant served upon me."

Mr. Norton subsequently appeared in Murfreesboro city court, and the court entered a judgment in favor of the City of Murfreesboro for $148.50. Mr. Norton then appealed to circuit court. A bench trial was held in circuit court, but the record before us does not contain a transcript or statement of the evidence from the circuit court proceedings. Following the trial, the court entered an order which states:

> This matter came on to be heard on July 28, 2009, as an appeal from a judgment for the City of Murfreesboro granted by the Murfreesboro City Court. Before this Court were counsel for the City of Murfreesboro, counsel for the Defendant, the Defendant Thomas Leon Norton, and Officer James Cody Thomas. The appeal arose from a citation issued by Officer James Cody Thomas to Defendant Thomas Leon Norton for failing to yield on March 2, 2009.
>
> The evidence before the Court consisted of[:] a) Murfreesboro City Code sections relating to traffic violations, certified as accurate by the City Recorder, b) documents transferred to this Court by the Murfreesboro City Court upon the appeal of the City Court judgment against the Defendant, and c) fact testimony provided by the City through Officer James Cody Thomas. The Defendant, Thomas Leon Norton, was present in the courtroom and represented by counsel, but did not testify or otherwise offer proof.
>
> Documents before the Court included a copy of the citation issued by Officer Thomas to Defendant Norton sent up by the Murfreesboro City Court, and the certified copy of the City Code sections provided to the Court and opposing counsel by the City. No answer to the citation or responsive pleadings from the Defendant were before the Court, as none were filed by the

---

[1] The citation lists various offenses, and of those, the police officer circled "failure to yield."

Defendant or presented at the hearing.

The citation issued by Officer Thomas to the Defendant was marked as failure to yield. Before the proof began, the City moved to amend the complaint (here, the citation), pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure, to include violation of City Code section 32-741, Limitations on Backing.[2] This motion was <u>granted</u> by this Court and the citation was so amended.

This Court offered the Defendant a continuance if further time were needed to address the amended citation. The Defendant declined the Court's offer to consider a continuance and chose to move forward with the case.

During the hearing, Officer Thomas testified on direct examination that after being dispatched to a minor accident call on March 2, 2009, his investigation at the scene indicated that Defendant Norton, while backing out of a parking place into Church Street, struck another vehicle. Officer Thomas testified that when he spoke with the Defendant at the scene, the Defendant stated that he had struck the other vehicle while backing out of a parking place onto Church Street. [footnote omitted]

Counsel for the Defendant cross-examined Officer Thomas, but the Defendant offered no evidence in opposition to Officer Thomas's testimony. Officer Thomas's testimony was therefore uncontroverted and without opposition.

Upon conclusion of the proof, this Court held that the uncontroverted evidence showed that on March 2, 2009, Defendant Thomas Leon Norton, while backing out of a parking place into Church Street, struck another vehicle traveling on Church Street.

Upon review of the law applicable to this case, this Court found no evidence that the Defendant failed to yield to oncoming traffic. This Court also found no evidence that the Defendant violated the provisions of City Code section 32-741, <u>Limitations on Backing</u>.

This Court did find, however, that the Defendant violated the provisions of City Code section 32-713(b), <u>Vehicle Entering Roadway</u>, which requires a driver entering or crossing a roadway from any place other than another

---

[2] Section 32-741, entitled "Limitations on Backing," provides:

(a) The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic, and in no event shall the backing movement exceed fifty (50) feet.
(b) The driver of a vehicle shall not back the same upon any shoulder or roadway of any controlled-access highway.
(c) The driver of a vehicle shall not back into a street intersection or around a street corner.

roadway to yield the right-of-way to all vehicles approaching on the road being entered or crossed. This Court held that the Defendant, in violation of the above section of City Code, failed to yield the right-of-way to the vehicle traveling on Church Street when he struck that vehicle while entering Church Street from a parking place.

This Court therefore found and held that the City is entitled to judgment against the Defendant for violating City Code section 32-713(b), Vehicle Entering Roadway.[3]

After the above recitation of facts and judgment were recited from the bench, the City moved to amend the complaint (here, the citation) pursuant to Rule 15.02 of the Rules of Civil Procedure, to conform the pleadings to the evidence presented and issues tried before the Court. This motion was granted and the citation was thereby amended to include a violation of City Code section 32-713(b), so as to conform the pleadings to the proof presented and the issues tried.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED:

1. The Defendant violated City Code section 32-713(b) on March 2, 2009, and judgment in this case is granted to the Plaintiff, City of Murfreesboro.

2. Costs of this appeal are assessed against the Defendant, Thomas Leon Norton.

3. This case is remanded to the City Court for collection of all outstanding costs and fines from the court below, for which execution may issue if necessary.

After the trial judge had orally announced his ruling from the bench, but before the court had entered its written order, Mr. Norton filed several motions. First, he filed a motion for new trial. He asserted that he "thought he was appearing for a trial on the issue of whether he failed to yield" and that the case "continually evolved to where Movant was defending himself on numerous and multiple charges." Mr. Norton claimed that the court erred in finding Mr. Norton "guilty of an offense to which the Government never even requested your Movant be on trial for." Mr. Norton also filed a "Notice of Request and Motion for Jury Trial," claiming that he was entitled to request a jury trial within ten days of the City's motion to amend its pleadings. Finally, Mr. Norton filed a motion and request for

_____

[3] City Code section 32-713(b), "Vehicle Entering Roadway," provides:

The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed.

findings of fact and conclusions of law, requesting that the court enter an order containing such. Along with the motion, Mr. Norton filed proposed findings of fact and conclusions of law, which consisted of 75 numbered statements.

Following a hearing, the trial court denied all of Mr. Norton's motions. The court concluded that its previous order contained sufficient findings of fact and conclusions of law, that Mr. Norton had failed to make a timely demand for a jury trial, and that he had offered no basis entitling him to a new trial. Mr. Norton timely filed a notice of appeal.

## II. ISSUES PRESENTED

Mr. Norton presents the following issues, slightly restated, for review:

1. Whether the trial court erred in granting judgment against Mr. Norton on the basis of City Code section 32-713(b), Vehicle Entering Roadway, when Mr. Norton was not aware that he was charged with violating that ordinance;
2. Whether the trial court erred in allowing the City to amend its pleadings after the court announced its ruling;
3. Whether the trial court erred in denying Mr. Norton's motion for a jury trial;
4. Whether the trial court erred in denying Mr. Norton's motion for proposed findings of fact and conclusions of law;
5. Whether the trial court erred in denying Mr. Norton's motion for new trial.

For the following reasons, we reverse the decision of the circuit court and remand for further proceedings.

## III. STANDARD OF REVIEW

We note at the outset that our ability to review the proceedings in the trial court is hampered by the absence of either a transcript of the proceedings or a statement of the evidence prepared in accordance with Tennessee Rule of Appellate Procedure 24(c). "Because of the absence of a proper record, we are limited to addressing those issues which raise pure questions of law, as well as any issues challenging the trial judge's application of the law to the *facts as stated by the judge himself* in his [order]." ***Gross v. McKenna***, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at *3 (Tenn. Ct. App. Oct. 30, 2007) *perm. app. denied* (Tenn. May 5, 2008). We may only reverse the trial court's decision if we find, based on the "technical" record before us, that the trial court committed an error of law. ***In re M.R.***, No. M2007-02532-COA-R3-JV, 2008 WL 2331030, at *3 (Tenn. Ct. App. W.S. June 3, 2008) (citing *In re Conservatorship of Chadwick*, No. E2006-02544-COA-R3-CV, 2008 WL 803133, at *2 (Tenn. Ct. App. Mar. 27, 2008)). We review a trial court's

conclusions of law under a *de novo* standard upon the record with no presumption of correctness. **Union Carbide Corp. v. Huddleston**, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

### A. *Application of City Code section 32-713(b)*

In 1990, our Supreme Court stated that "for 130 years proceedings to recover fines for the violation of municipal ordinances have been considered civil for the purposes of procedure and appeal, although the principles of double jeopardy have recently been determined to apply in such cases." **City of Chattanooga v. Myers**, 787 S.W.2d 921, 928 (Tenn. 1990). Such proceedings are considered to be "a civil action brought by the municipality to recover a 'debt.'"[4] **Id.** "Although penal ordinances of a municipality are quasi criminal in nature in that they impose fines and imprisonment to work out such unpaid fines, proceedings under warrants charging a violation of a municipal ordinance are governed 'by the rules of pleading applicable to civil actions.'" **Robinson v. City of Memphis**, 277 S.W.2d 341, 342 (Tenn. 1955) (quoting *Deming v. Nichols*, 186 S.W. 113, 114 (Tenn. 1916)).

The Tennessee Supreme Court has, on several occasions, reviewed the sufficiency of language used in warrants charging violations of municipal ordinances. In **Guidi v. City of Memphis**, 263 S.W.2d 532, 533 (Tenn. 1953), the clerk of the city court of Memphis issued a warrant charging a man with "the offense of Vio. Sec. 1683 Exceeding the Speed Limit within the City of Memphis." Judgment was entered against him in city court and subsequently in circuit court. **Id.** On appeal, the Supreme Court stated the issue as "whether or not the warrant charges an offense, and, if so, is the language used sufficient to enable the defendant to make a proper defense thereto." **Id.** at 534. The Court explained:

It is settled law that a defendant in all cases is entitled to know the nature of the case against him to the end that he is able to make proper defense. But language used in this warrant is not to be given a strained and unreasonable

---

[4] Mr. Norton argues that this case was criminal because the Murfreesboro City Code provides, in section 32-301, that "[i]t is unlawful and a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter." "It has long been settled, however, that a prosecution for an act violating a city ordinance is a civil, not a criminal, proceeding. This is true though such act be denounced by the ordinance as a 'misdemeanor,' and be also an offense against state law. Such a prosecution by a city, though often called quasi-criminal, is a civil action to recover a penalty for a violation of its law." **O'Dell v. City of Knoxville**, 379 S.W.2d 756, 757-58 (Tenn. 1964).

construction. Thus in Caruthers History of a Lawsuit, Gilreath's Revision, Seventh Edition, § 108, p. 114, it is said:

> 'The declaration should state the cause of action clearly, explicitly, and briefly.
>
> 'But how clear and explicit must the statement be? No more than to convey a 'reasonable certainty of meaning,' and 'by a fair and natural construction,' to show a substantial cause of action. No cavil, or straining, or criticism, is to be allowed as ground of exception, if the statement is intelligible enough, according to the ordinary meaning of the language used.'

> Had the warrant merely charged the defendant with the violation of a certain numbered section of the traffic laws of Memphis, and nothing more, it would have been fatal.
>
> There is no merit in the insistence of counsel that the statement or charge in the warrant 'Exceeding Speed Limit' is a mere conclusion of law. On the contrary it is a clear and intelligible statement of a fact, i.e. that the defendant was violating the traffic laws of the City of Memphis and named a specific offense. Moreover we think the language in the warrant is sufficient notice to the defendant that he was arrested for exceeding the speed limit as fixed by the laws and ordinances of the City of Memphis.

*Id.* at 534-35. The petitioner in *Guidi* filed a petition to rehear and cited criminal cases involving the sufficiency of criminal warrants in support of his position. *Id.* at 535. However, the Court found the cases inapplicable because "a proceeding for the violation of a municipal ordinance is not a criminal prosecution but a civil action." *Id.* at 536. The Court explained that "technical nicety of pleading is not required in a warrant charging the violation of a municipal ordinance." *Id.* (citations omitted). "The only requirement is that the accused be given reasonable notice of the nature of the ordinance alleged to have been violated." *Id.*

Two years later, in *Robinson v. City of Memphis*, 277 S.W.2d 341, 343 (Tenn. 1955), the Court considered the sufficiency of another city warrant and "whether it gave [the defendant] reasonable notice of the offense it call[ed] upon him to answer." The warrant in that case alleged that the defendant committed "the offense of Vio. Sec. 152 violating liquor law-within the City of Memphis, Shelby County, in violation of the ordinances of said City." *Id.* However, the quoted ordinance, section 152, provided that "[t]he manufacture, sale, receipt, possession, storage, transportation, distribution, or in any manner dealing in alcoholic beverages within the corporate limits of the city, shall be regulated in accordance with the provisions of Chapter 49 of the Public Acts of Tennessee for 1939, the rules and regulations adopted by the commissioner of finance and taxation of the state, and in accordance with the

provisions of this chapter." *Id.* The referenced statutes, rules and regulations prohibited many different acts with reference to alcoholic beverages. *Id.* The Court explained that a warrant, governed by the rules of pleading applicable to civil actions, "must contain a brief statement of the cause of action sufficient to give the defendant reasonable notice of what he is called upon to answer." *Id.* at 342. However, it found the warrant at issue "totally insufficient to give [the defendant] any notice of the offense he will be called upon to answer." *Id.* at 343. "The warrant and judgment entered thereon were, therefore, void." *Id.*

Thereafter, in *Berry v. City of Memphis*, 354 S.W.2d 71, 71 (Tenn. 1961), the Court considered a warrant that charged a man with "Vio. Sec. 759, Indecent Conduct." The defendant alleged that the warrant "neither charged an offense against the ordinances of the City nor gave defendant notice of any material facts, conditions or circumstances he was called upon to answer." *Id.* Section 759 made indecent conduct an offense and enumerated five specific acts as indecent conduct, making it unlawful "to appear in a public place in a state of nudity or to bathe in such state in the daytime in a river or bayou, or to appear in public in the dress of the other sex, or in an indecent or lewd dress, or to do any obscene or indecent act in any public place." *Id.* at 71-72. Still, the Court concluded that the language in the warrant was sufficient and valid because it "put him on notice that he must expect proof of having committed one or more of the five acts constituting the offense." *Id.* at 72.

Obviously, in all of the aforementioned cases, the warrants referenced a specific ordinance number, providing notice to the defendants of the ordinances which they were alleged to have violated. This case involves a slightly different situation in that the citation charging Mr. Norton did not apprise him of the particular ordinance alleged to have been violated. The citation stated that he "did unlawfully commit the following offense in violation of city code: failure to yield." The record before us contains only a few selected ordinances from the Murfreesboro City Code, and while none of them is entitled "Failure to Yield," it is clear that there are numerous city ordinances that address yielding the right-of-way under various circumstances. Thus, we doubt that the unamended citation "gave [the defendant] reasonable notice of the offense it call[ed] upon him to answer." *See Robinson*, 277 S.W.2d at 343.

Still, we have previously held that a traffic citation is "subject to amendment under conditions of fairness as any other civil pleading," and that an amendment is "permissible so long as the defendant was allowed a fair opportunity to prepare a defense to it." *Clark v. Metro. Gov't of Nashville & Davidson County*, 827 S.W.2d 312, 315-16 (Tenn. Ct. App. 1991). In *Clark*, a traffic citation was amended on the day of trial without prior notice to the accused. *Id.* at 314. However, we found the amendment permissible, noting that there was "no showing that appellant was forced to trial without opportunity to investigate and controvert the allegations of the amendment." *Id.* at 316.

In this case, the City of Murfreesboro was first permitted to amend its pleadings to allege the violation of a specific ordinance number prior to trial.[5] We find no error in that amendment, which was regarding City Code section 32-741, "Limitations on Backing." However, it is clear from the trial court's final order that it found that Mr. Norton did not violate section 32-741. Instead, the trial court found that Mr. Norton had violated a different ordinance, section 32-713(b), "Vehicle Entering Roadway," which was not alleged to have been violated in the City's amended citation. Again, we are somewhat hindered in our ability to review this issue due to the lack of a transcript or statement of the evidence. However, the City candidly admits in its brief that the trial court "found *sua sponte* that a different section of the traffic ordinance matched the factual pattern of backing out of a parking place into a roadway more appropriately than the one named." Counsel for the City explained at oral argument before this Court that "the court simply applied a different ordinance than the one suggested." After the trial judge announced his ruling that Mr. Norton had violated the different ordinance, section 32-713(b), the City then moved to amend its citation to allege that Mr. Norton had violated that ordinance.

A comparable situation occurred in **Town of Madisonville v. Tucker**, No. 69, 1990 WL 6369 (Tenn. Ct. App. E.S. Jan. 30, 1990). There, Mr. Tucker was charged with public drunkenness after he appeared at a county election commission meeting in a drunken condition and disrupted the meeting with his loud and boisterous conduct. *Id.* at *1. At the outset of the trial, Mr. Tucker's counsel moved to dismiss because the warrant did not show the date or place of the alleged offense or the ordinance section contended to have been violated. *Id.* The Trial Court permitted an amendment to show the date and location of the offense, and that it was an alleged violation of Municipal Code Section 10-201. *Id.* After the town rested its case, Mr. Tucker's counsel again moved to dismiss because the ordinance alleged to have been violated was not placed in evidence. *Id.* The Town was permitted to re-open its proof and introduce the ordinance, but it was then discovered that Section 10-201 was enacted after the date of the alleged offense. *Id.* The Town was permitted to amend its warrant again to allege a violation of Ordinance Number 10-228, which was in effect on the date of the alleged offense. *Id.* The trial court found Mr. Tucker guilty of public drunkenness and assessed a fine of $10. *Id.* On appeal, the Eastern Section of this Court concluded that the unamended warrant, which failed to specify the ordinance number or date and location of the offense, was insufficient. *Id.* at *2. The Court noted that under Tennessee Rule of Civil Procedure 15.01, leave to amend in civil cases should be "freely given when justice so requires." *Id.* Still, the Court was persuaded that "given the numerous

_____

[5] Although the trial court's order only mentions an amendment regarding one ordinance number, both parties stated at oral argument that the City was permitted to amend the citation to allege violations of several ordinances. However, it is undisputed that the City did not seek to amend its pleadings to include a violation of the ordinance which the trial judge ultimately found applicable.

shortcomings of the Town's case, necessitating amendments and re-opening the proof, the Trial Judge, if not exceeding, certainly reached the outer limits of the discretion accorded him by sustaining all of the Town's motions." *Id.* Despite this conclusion, however, the Court went on to resolve the case on another ground not raised by the parties – there was no evidence introduced as to the penalty for violating the city's ordinance. The Court stated:

> It may very well be the penalty is a $5, $10 or $50 fine, or it may be that through inadvertence or otherwise no penalty ordinance was ever enacted. However that may be, we deem it necessary that the penalty ordinance as well as the ordinance contended to have been violated be introduced in evidence before a valid fine may be assessed and a valid judgment entered thereon.
>
> In fairness to the Trial Judge we should point out that the ground upon which we reverse was not called to his attention at trial, nor for that matter was it made an issue on appeal. Under Rule 13 of the Tennessee Rules of Appellate Procedure, we are entitled to notice errors not presented for review. In the instant case we choose to do so.

*Id.*

In the case before us, we likewise conclude that the trial judge may have "reached the outer limits of the discretion accorded him" by *sua sponte* applying a different ordinance than the one alleged and permitting the City to amend its pleadings to allege a violation of that ordinance after the court announced its ruling. However, as in **Tucker**, there was no ordinance introduced in this case as to the penalty for violating the ordinance at issue. The ordinances in the record do not state any penalty for violating section 32-713 of the Murfreesboro City Code.[6] The trial court's order simply states that "judgment in this case is granted to the Plaintiff, City of Murfreesboro" and that the case is remanded to the city court "for collection of all outstanding costs and fines from the court below." The only mention in the record of the fine imposed by the city court is in Mr. Norton's notice of appeal to circuit court, where he stated that he was appealing from a judgment in favor of the City for $148.50. According to **Tucker**, "the penalty ordinance as well as the ordinance contended to have been violated [must] be introduced in evidence before a valid fine may be assessed and a valid judgment entered thereon." *Id.* at *2. Because it was not, the case should have been dismissed. We need not address Mr. Norton's remaining issues.

---

[6] We note that some of the other ordinances, such as those addressing "Reckless driving" and "Fleeing or attempting to elude a police officer," specifically provide that violations of those sections are punishable by a penalty of not more than thirty days imprisonment and/or a fine of not less than ten dollars.

## V.   CONCLUSION

For the aforementioned reasons, we reverse the decision of the circuit court and dismiss the case except insofar as it relates to costs below, and for that purpose it is remanded for collection thereof.  Costs below and on appeal are taxed to the City of Murfreesboro, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.